IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEE GROSSE, | No. C 10-3075 WHA (PR) |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
|   v. | |
| SHERIFF'S DEPUTY MITCHELL, | |
|     Defendant. | (Docket No. 18) |

**INTRODUCTION**

This is a civil rights case filed pro se by an inmate at the Contra Costa County Jail. Plaintiff contends that defendant violated his Eighth Amendment rights to be free from cruel and unusual punishment. Defendant has filed an unenumerated motion to dismiss for failure to exhaust administrative remedies. Although given an opportunity to do so, plaintiff has not opposed the motion.

**ANALYSIS**

A.   <u>Standard of Review</u>

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215-17.

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather

than in a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

B.  Exhaustion of Administrative Remedies

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).

Between 2005 and 2010, when the alleged constitutional violations took place, the Contra Costa County Jail provided their inmates with procedures for filing written administrative grievances about the conditions of their confinement or any other aspect of their treatment while in custody (Evans Decl. Exh. A). Inmates may make an informal verbal grievance or a "formal" written grievance on an inmate request form (*id.* § II (B)(1)). The response to a verbal grievance may be appealed in writing within five days (Evans Decl. Exh. B, ¶ I(A)(1)). The formal grievance is reviewed by a deputy and, if necessary, forwarded to either the appropriate staff member or to a supervisor (Evans Decl. Exh. A § II (7)). The response may be appealed to the Facility Commander, the Detention Division Commander, the Custody Services Bureau Commander, and finally to the Sheriff (Evans Decl. B § I(A)(1)). All inmates are shown a video and given an orientation describing the policies and procedures for filing administrative grievances each time they booked into custody at any Contra Costa County

Jail facility (Evans Decl. ¶ 5). A written manual explaining these procedures is available on all housing units (*ibid.*).

Plaintiff was booked into the county jail system on six different occasions between 2005 and 2010, and was informed of the grievance system each time. All inmate grievances are stored in an inmate's booking file (Evans Decl. Exh B § II(A)(g)). Defendant has established that all of plaintiff's booking files have been reviewed and plaintiff did not pursue any administrative grievances involving the events giving rise to this case, let alone did he pursue any to Sheriff, which is the final level of the system (Evans Decl. ¶ 7). Plaintiff does not dispute this evidence, or indeed oppose defendant's motion.

Accordingly, the motion to dismiss will be granted.

## CONCLUSION

The motion to dismiss (document number 18 on the docket) is **GRANTED**. The case is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\GROSSE3075.MTD.wpd

3